ANN TUCKER, Respondent, *v.* THE UNITED LIFE AND ACCI-
DENT INSURANCE ASSOCIATION, Appellant.

(Argued March 23, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 6, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The following is the opinion in full:

" This action was brought by the plaintiff upon a policy of insurance for her benefit upon the life of her son William C. Tucker, issued March 20, 1889. It is claimed on behalf of the defendant that the answers contained in the application of the insured for the insurance, and which were made a part

of the policy, were warranties and that they were untrue.    He represented that he had never had any serious ailments or local disease, and, among other things, that he had never had consumption.    The policy was issued on the 20th day of March, 1889, and he died of consumption on the seventh day of October following.    The defendant claims to have shown by undisputed evidence that he had consumption at the time of the insurance, and thus that the breach of warranty was established. On the part of the plaintiff, it is claimed that there was a conflict of evidence upon that point and that the case was, therefore, properly submitted to the jury and that the verdict of the jury is conclusive here.

    " The defendant called as a witness Dr. Sears, a young physician, who had been in practice at the time of the insurance about three years.    He testified that the insured first called upon him on the twenty-fifth day of February before the insurance, for professional advice and treatment, and that he made six calls upon him before the fifth day of March, and that he treated him for consumption ; that during that time he procured and examined a specimen of his sputum and discovered what are known as Koch bacilli — the germs of tuberculosis, and he gave it as his judgment that he had consumption at that time.    His evidence as to the presence of the bacilli was confirmed by another physician who, during the trial of the action, made a microscopic examination of the bacilli.    If there had been no other evidence in the case to weaken the force of this evidence, it is probably true that the defense to the action would have been established.    Dr. Sears formed his opinion from the appearance of the insured at the time he treated him, from the presence of the bacilli in the sputum, and from his subsequent history and death from consumption. The insured thought he had nothing but a cold, and was not informed by Dr. Sears that he had consumption.    The presence of the bacilli cannot be conclusive.    Bacilli in the sputum cannot always be, it seems to me, an indication that the disease of consumption has actually commenced.    These germs enter the system and in thousands of cases do no harm. In order to work mischief, they must find favorable conditions, and at what precise time their operation has gone

so far as to cause disease, cannot be easily determined. Philosophically speaking, the disease must have a precise commencement. On one day the victim may be free from disease, and on the next day it may have commenced. So far as I can see, these bacilli may have been present about the first of March, and yet their operation may not have gone sc far as to cause consumption on the twentieth day of March, so that from the mere presence of bacilli on the first of March from any light given by the evidence, or from anything in the nature of things, I am unable to say that they absolutely and infallibly indicated the existence of consumption prior to the twentieth of March. But there was evidence on the part of the plaintiff which produced a manifest conflict. The sister of the insured testified that he had a cold, and at her request went to Dr. Sears to get a prescription for that, and that she and her brother believed that it was a mere temporary ailment. At the time of the insurance he weighed about 155 pounds, and for some considerable time thereafter his complexion was ruddy and he was apparently healthy. He continued in his ordinary employment of a laborer until within a few weeks of his death. He died of acute tuberculosis, which generally runs its course in a very short space of time, usually three or four months. After visiting Dr. Sears, the cough he then had disappeared, and was not noticed by his sister for some months thereafter, and during some months thereafter he was not under treatment by any physician. The examining physician, who made the medical examination for his insurance, testified that he examined him on the nineteenth day of March; that his physical appearance was then healthy; that he made a thorough examination by the usual tests and found his lungs in a perfectly healthy condition; that he examined him by percussion and auscultation and pronounced him healthy. He saw him some weeks afterward and conversed with him, and saw nothing to indicate any lung trouble or any disease of any kind. Now, taking all this evidence, it was a question of fact for the jury to determine whether, at the precise time the policy was issued, he was afflicted with consumption. Although he died of consumption, the proof shows that the particular form of that disease of which he died may have originated after the

insurance, and ordinarily would not exist for a period of six months before causing death.

"We think the judgment should be affirmed."

*William G. Tracy* for appellant.

*William Kennedy* for respondent.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed. _____